UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

                Plaintiff,

        v.

RHONDA FIRESTACK-HARVEY, LARRY
HARVEY, MICHELLE GREGG, ROLLAND
GREGG, and JASON ZUCKER,

                Defendants.

No. CR-13-24-FVS

ORDER DENYING MOTIONS TO
DISMISS ON EQUAL
PROTECTION OR DUE PROCESS
GROUNDS

     **THE DEFENDANTS** have filed a number of motions.  The Court considered their motions at a pretrial conference that was held on April 22 and 23, 2014.  This order addresses the defendants' allegations that the instant prosecution is depriving them of equal protection and due process.

     **CONGRESS AND THE DISTRICT OF COLUMBIA**

     The defendants argue the United States Attorney's decision to prosecute them in the Eastern District of Washington violates their right to equal protection, as guaranteed by the Fifth Amendment, given Congress' decision to allow the medicinal use of cannabis in the District of Columbia.  The Ninth Circuit considered and rejected a very similar argument in *James v. City of Costa Mesa*, 700 F.3d 394 (9th Cir.2012) *cert. denied*, --- U.S. ----, 133 S.Ct. 2396 (2013). There, the plaintiffs were disabled residents of the State of

Order - 1

California.  They challenged attempts by certain California cities to close marijuana dispensing facilities.  The plaintiffs relied principally upon Title II of the Americans with Disabilities Act ("ADA").  700 F.3d at 396.  However, the plaintiffs also made an equal protection argument based upon the fact Congress did not block implementation of Initiative 59 in the District of Columbia in 2010.  "Initiative 59," explained the Ninth Circuit, "suspended local criminal penalties for seriously ill individuals who use medical marijuana with a doctor's recommendation."  700 F.3d at 404.  The circuit court rejected the argument that Congress' 2010 decision to allow the District of Columbia to implement Initiative 59 deprived disabled California residents of equal protection of the law:

> Congress' decision not to block implementation of Initiative
> 59 did not result in the unequal treatment of District of
> Columbia and California residents.  On the contrary,
> Congress' actions allow these jurisdictions to determine for
> themselves whether to suspend their local prohibitions on
> the use and distribution of marijuana for medical purposes.
> Local decriminalization notwithstanding, the unambiguous
> federal prohibitions on medical marijuana use set forth in
> the [federal Controlled Substances Act] . . . continue to
> apply equally in both jurisdictions, as does the ADA's
> illegal drug exclusion.  There is no unequal treatment, and
> thus no equal protection violation.

700 F.3d at 405 (citation omitted).

**ENTRAPMENT BY ESTOPPEL**

Defendant Michelle Gregg claims state authorities misled her concerning the use of marijuana for medical purposes.  She claims

Order - 2

federal authorities were equally misleading.  (Defendant's Motion & Memorandum (ECF No. 213) at 31-32 (citations omitted).)  She moves to dismiss the indictment on the ground she is a victim of entrapment by estoppel, which is the "unintentional entrapment by an official who mistakenly misleads a person into a violation of the law[.]"  *United States v. Schafer*, 625 F.3d 629, 637 (9th Cir.2010) (internal punctuation and citation omitted).  Entrapment by estoppel is an affirmative defense.  In order to prevail, Ms. Gregg must prove five elements:  "(1) an authorized government official empowered to render the claimed erroneous advice, (2) who has been made aware of all the relevant historical facts, (3) affirmatively told him the proscribed conduct was permissible, (4) that he relied on the false information, and (5) that his reliance was reasonable."  *United States v. Batterjee*, 361 F.3d 1210, 1216 (9th Cir.2004) (internal citations and quotation marks omitted).  Ms. Gregg places great weight upon information that is contained in the Washington State Department of Health's website.  The DOH has created a list of "General Frequently Asked Questions."  One of them asks, "I heard the current federal administration legalized medical marijuana (cannabis).  Is that true?"  To that question, the DOH provided the following answer:

> No, medical marijuana (cannabis) is still illegal under
> federal law.  However, U.S. Deputy Attorney General James
> Cole announced updated formal guidelines for federal
> prosecutors in states that have laws allowing the use of
> medical marijuana.  The guidelines do not legalize medical
> marijuana.  The president directed federal prosecutors to
> consider appropriate medical use when making criminal

charging decisions.  The guidelines only provide direction
for prosecutors when reviewing medical marijuana cases.

(DOH, "[General] Frequently asked questions about Medical Marijuana (Cannabis) in Washington State," available at http://www.doh.wa.gov/YouandYourFamily/Illnessand Disease/MedicalMarijuana(Cannabis)/GeneralFrequentlyAskedQuestions.aspx. (last visited April 21, 2014)).  One cannot reasonably interpret the above-quoted answer as an affirmation that federal law permits the possession of marijuana for medical purposes.  To the contrary, the above-quoted answer states unequivocally that the possession of marijuana remains illegal under federal law.  Furthermore, the answer represents the views of the state Department of Health.  At most, one could interpret the answer to suggest that, though the possession of marijuana remains illegal under federal law, the state Department of Health thinks there may be situations in which federal prosecutors will not seek the indictment of persons who possess marijuana for medical purposes.  The state Department of Health does not presume to give any assurance as to when federal prosecutors will refrain from acting.  Nor could the state Department of Health give any such assurance.  It cannot speak for federal prosecutors.  Thus, the answer given by the state Department of Health in response to a frequently-asked question will not support the defense of entrapment by estoppel.

**PROSCRIBING THE POSSESSION OF MARIJUANA**

Several defendants have devoted scores of pages in multiple memoranda arguing Congress lacks a rational basis for continuing to

Order - 4

proscribe the possession of marijuana for medical purposes.  A little over three months ago, the Ninth Circuit rejected very similar arguments in an unpublished opinion.  *Sacramento Nonprofit Collective v. Holder*, Nos. 12-15991, 12-55775, 12-16710, 2014 WL 128998, at *1-*2 (9th Cir. Jan. 15, 2014).  Although the opinion may be unpublished, it accurately states the law in the Ninth Circuit.

**IT IS HEREBY ORDERED**:

1. Defendant Jason Zucker's motion to dismiss the indictment (**ECF No. 205**) is **denied**.

2. "[Defendant Michelle Gregg's] Motion . . . to . . . Dismiss Indictment" (**ECF No. 213**) is **denied**.

3. Defendant Rolland M. Gregg's "Motion to Dismiss" (**ECF No. 216**) is **denied**.

**IT IS SO ORDERED.**  The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this   29th   day of April, 2014.

                          s/ Fred Van Sickle
                        Fred Van Sickle
                Senior United States District Judge