UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>         v.<br><br>RHONDA FIRESTACK-HARVEY, LARRY HARVEY, MICHELLE GREGG, ROLLAND GREGG, and JASON ZUCKER,<br><br>                    Defendants. | No. CR-13-24-FVS<br><br>ORDER DENYING DEFENDANTS' MOTION TO DISMISS THE INDICTMENT UNDER THE TENTH AMENDMENT |

**THE DEFENDANTS** have filed a number of motions. The Court considered their motions at a pretrial conference that was held on April 22 and 23, 2014. This order addresses the defendants' motion to dismiss the Indictment under the Tenth Amendment.

**BACKGROUND**

In 1971, the State of Washington adopted the Uniform Controlled Substances Act, chapter 69.50 RCW. *State v. Reis*, No. 69911-3-I, 2014 WL 1284863, at *2 (March 31, 2014). Since then, marijuana has been a Schedule I controlled substance as a matter of state law. *Reis*, 2014 WL 1284863, at *2 (citing RCW 69.50.204(c)(22)). In 1998, the citizens of the state adopted the Washington State Medical Use of Cannabis Act ("MUCA"), chapter RCW 69.51A, through the initiative process. *Reis*, 2014 WL 1284863, at *2. As Division I of the Washington Court of Appeals explained in *Reis*, the purpose of the MUCA

Order - 1

"was to allow certain individuals suffering from terminal or debilitating medical conditions to use marijuana medicinally." 2014 WL 1284863, at *2 (citing RCW 69.51A.005). In 2011, the Washington legislature passed amendments to the MUCA. *Id.* at *3. However, the governor vetoed a number of provisions. *Id.* at *4. The Supreme Court of the State of Washington has not interpreted the MUCA in light of the governor's veto. Thus, it is not entirely clear to what extent the MUCA limits prosecutions under the state Controlled Substances Act.

On August 9, 2012, law enforcement officers executed a warrant that had been issued by a state judicial officer authorizing them to search 939 Clugston-Onion Creek Road, Colville, WA. A federal agent participated in the search. The officers observed approximately 70 growing marijuana plants. According to the defendants, the persons who were growing the plants were attempting to comply with the state MUCA. The officers seized some of the marijuana plants they observed on August 9th, but they left many of the plants just as they found them. On August 16, 2012, federal agents executed a warrant that had been issued by a federal judicial officer authorizing them to search the same property. They seized all of the marijuana plants they observed.

On February 6, 2013, a federal grand jury returned an indictment charging the defendants with violations of federal law. The defendants move to dismiss the indictment. They claim the instant prosecution violates the Tenth Amendment. For one thing, they argue the prosecution is a federal attempt to coerce state authorities into

enforcing the federal Controlled Substances Act ("CSA"), 21 U.S.C. § 801 *et seq*. For another thing, they argue the prosecution is a federal attempt to discourage the State of Washington from legalizing the possession of marijuana for medical purposes.

**RULING**

The Tenth Amendment states, "The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people." U.S. Const. amend. X. "The Supreme Court has read this Amendment as a 'tautology': 'If a power is delegated to Congress in the Constitution, the Tenth Amendment expressly disclaims any reservation of that power to the States.'" *Gila River Indian Community v. United States*, 729 F.3d 1139, 1153 (9th Cir. 2013) (quoting *New York v. United States*, 505 U.S. 144, 156–57, 112 S.Ct. 2408, 120 L.Ed.2d 120 (1992)). However, "even where Congress has the authority under the Constitution to pass laws requiring or prohibiting certain acts, it lacks the power directly to compel the States to require or prohibit those acts." *New York v. United States*, 505 U.S. 144, 166, 112 S.Ct. 2408, 120 L.Ed.2d 120 (1992). For example, Congress may not command state officers to administer federal regulatory programs. *Raich v. Gonzales*, 500 F.3d 850, 867 n.17 (9th Cir.2007) (citing *Printz v. United States*, 521 U.S. 898, 935, 117 S.Ct. 2365, 138 L.Ed.2d 914 (1997), and *New York v. United States*, 505 U.S. 144, 166, 112 S.Ct. 2408, 120 L.Ed.2d 120 (1992)). Nor may Congress compel states to adopt specific legislation. *Id*. The defendants argue the instant prosecution runs afoul of the Tenth Amendment.

The Ninth Circuit has considered and rejected similar arguments on a number of occasions. The circuit court's decision in *Raich v. Gonzales*, *supra*, is a useful place to begin. In that case, a seriously ill woman whose symptoms were ameliorated by the use of marijuana brought an action seeking, in effect, to enjoin federal law enforcement agencies from enforcing the CSA against her. 500 F.3d at 855-56. She sought relief upon several grounds. Among other things, she argued, "Congress impermissibly exercised a police power [through the CSA] that is reserved to the State of California under the Tenth Amendment." 500 F.3d at 856. On appeal, she conceded her Tenth Amendment claim was largely foreclosed by recent decisions of the Supreme Court. She also conceded her case did not implicate the "commandeering" line of cases. 500 F.3d at 867. The Ninth Circuit accepted her concessions. In a lengthy footnote, the circuit court explained:

> The commandeering cases involve attempts by Congress to direct states to perform certain functions, command state officers to administer federal regulatory programs, or to compel states to adopt specific legislation. . . . The Controlled Substances Act, by contrast, "does not require the [state legislature] to enact any laws or regulations, and it does not require state officials to assist in the enforcement of federal statutes regulating private individuals."

500 F.3d at 867 n.17 (quoting *Reno v. Condon*, 528 U.S. 141, 151, 120 S.Ct. 666, 145 L.Ed.2d 587 (2000)) (other citations omitted).

Advocates of medical marijuana have continued to present Tenth Amendment claims to the Ninth Circuit. In two unpublished decisions

in the past 12 months, the Ninth Circuit has rejected Tenth Amendment challenges to the federal regulation of marijuana. *United States v. Sandusky*, No. 13-50025, 2014 WL 1004075, at *1 (9th Cir. March 17, 2014); *Montana Caregivers Association, LLC, v. United States*, No. 12-35110, 2013 WL 1987385 (9th Cir. May 7, 2013). Both panels cited *Raich v. Gonzales*, 500 F.3d 850 (9th Cir.2007). Both panels regarded themselves as bound by *Raich*. Both panels ruled the appellants' Tenth Amendment claims were foreclosed by *Raich*. In view of *Raich* and the authorities cited therein, this Court clearly lacks authority to dismiss the instant prosecution under the Tenth Amendment.

**IT IS HEREBY ORDERED**:

1. Defendant Jason Zucker's "Motion to Dismiss Indictment as Barred by the Tenth Amendment" (**ECF No. 204**) is **denied**.

2. "[Defendant Michelle Gregg's] Motion . . . to . . . Dismiss Indictment" (**ECF No. 213**) is **denied** to the extent she seeks relief under the Tenth Amendment.

3. Rolland Mr. Gregg's motion to dismiss the indictment (**ECF No. 215**) is **denied.**

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this ___30th___ day of April, 2014.

                                        s/ Fred Van Sickle
                                          Fred Van Sickle
                              Senior United States District Judge