UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               Plaintiff,<br><br>     v.<br><br>RHONDA FIRESTACK-HARVEY, LARRY HARVEY, MICHELLE GREGG, ROLLAND GREGG, and JASON ZUCKER,<br><br>               Defendants. | No. CR-13-24-FVS<br><br>ORDER DENYING MICHELLE GREGG'S MOTION TO DISMISS (**ECF 383**) AND HER MOTION FOR RECONSIDERATION (**ECF 384**) |

**THIS MATTER** came before the Court by telephone conference call on June 23, 2014, based upon Michelle L. Gregg's motion to dismiss Counts 1, 2, and 4 of the Superseding Indictment and her motion for reconsideration of prior orders excluding evidence of the defendants' alleged compliance with the State of Washington's Medical Use of Cannabis Act. The parties were represented by their respective attorneys.

**MOTION TO DISMISS**

A. Background

Larry Harvey and Rhonda Firestack-Harvey reside in a sparsely populated area that is located nine or ten miles outside of Colville, Washington. On August 9 and 16, 2012, law enforcement officers searched their residence and the property that surrounds it. The United States alleges 74 marijuana plants were growing on their

Order - 1

property on August 9th.  On that date, state law enforcement officers seized some, but not all, of the plants.  They also seized a number of firearms that allegedly were located in the Harveys' residence.  The second search occurred on August 16th.  Federal agents seized all of the remaining marijuana plants.  In addition, they seized a computer.  The United States alleges the computer has been examined by a computer expert.  According to the United States, the computer contains photographs that are electronically "stamped" with the date 2011.  The photographs allegedly show 70 or more marijuana plants growing near the Harveys' residence.

Ms. Gregg and four other persons have been indicted.  The Superseding Indictment contains five counts.  Ms. Gregg moves to dismiss Counts 1, 2, and 4.  Count 1 alleges she and her four co-defendants conspired to manufacture and distribute marijuana.  The conspiracy allegedly began on or about June 1, 2011, and continued until August 16, 2012.  Count 2 alleges Ms. Gregg manufactured marijuana during 2011 and 2012.  Count 4 alleges she knowingly possessed a number of firearms in furtherance of Counts 1 and 2.

At trial, the United States will attempt to prove Ms. Gregg and her co-defendants participated in a single conspiracy that spanned two years.  The United States will attempt to prove the conspirators manufactured 70 or more marijuana plants during 2011 and 74 marijuana plants during 2012.  Ms. Gregg vehemently denies she participated in a single conspiracy.  At most, in her opinion, the evidence suggests the existence of two separate conspiracies, each of which involved fewer

than 100 marijuana plants.  Nor, according to Ms. Gregg, does the evidence connect her to the firearms.  She insists they belonged to the Harveys, and she had nothing to do with them.  Given the problems she sees in the plaintiff's case, she urges the Court to dismiss Counts 1, 2, and 4.

### B. Standard

Ms. Gregg is seeking relief pursuant to Federal Rule of Criminal procedure 12(b)(2).  Paragraph (b)(2) states, "A party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue."  However, neither Rule 12(b)(2) nor any other Federal Rule of Criminal Procedure authorizes a motion for summary judgment in a criminal case.  *United States v. Jensen*, 93 F.3d 667, 669 (9th Cir.1996) (citing *United States v. Critzer*, 951 F.2d 306, 307 (11th Cir.1992) (per curiam)).  Thus, when a defendant moves to dismiss based upon the government's alleged inability to prove an element of the charge, a district court must determine whether the issue raised by the defendant's motion is "entirely segregable from the evidence to be presented at trial."  *United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir.), (internal punctuation and citations omitted), *cert. denied*, 478 U.S. 1007, 106 S.Ct. 3301, 92 L.Ed.2d 715 (1986).  If resolution of the motion "is substantially founded upon and intertwined with evidence concerning the alleged offense, the motion falls within the province of the ultimate finder of fact and must be deferred."  *Id.* (internal quotation and citations omitted).

Order - 3


## C. Ruling

The parties devote many pages of their memoranda to a discussion of 21 U.S.C. § 846; specifically, whether the evidence establishes the existence of a single conspiracy that spanned 2011 and 2012. While the parties' have engaged in a thoughtful discussion of conspiracy law, and while their discussion will be helpful if and when Ms. Gregg moves to dismiss pursuant to Rule 29(a), the fact remains the Court cannot grant the relief she is requesting without evaluating evidence. This is true of her argument the evidence does not prove a single conspiracy, and it is true of her argument the evidence does not connect her to the firearms that allegedly were discovered in the Harveys' residence. Since Ms. Gregg's motion to dismiss "is substantially founded upon and intertwined with evidence concerning the alleged offense[s]," *Shortt Accountancy Corp.*, 785 F.2d at 1452, it must be deferred until the United States presents its case in chief at her trial. *See id.*

**MEDICAL USE OF CANNABIS ACT**

## A. Background

Ms. Gregg alleges the outdoor growing season in northeast Washington is limited. One cannot grow marijuana out of doors year around. Rather, each year, a grower must begin a new crop. Given the cyclical nature of growing marijuana outdoors, says Ms. Gregg, a grower must make a conscious decision each year to plant a crop. If multiple persons are involved, they must agree each year to grow marijuana, and then they must take the steps that are necessary to do

so.  Ms. Gregg argues the State of Washington's regulatory scheme recognizes the cyclical nature of marijuana growing.  Each year, according to her, a would-be grower must apply for a permit under the Medical Use of Cannabis Act ("MUCA"), chapter RCW 69.51A.  In her opinion, evidence of the annual-renewal requirement would tend to support her theory that there were, at most, two separate agreements to grow marijuana; one agreement in 2011 and another one in 2012.

Ms. Gregg's codefendants have joined her motion and expanded her original argument.  They maintain the Court erred by ruling they may not present evidence concerning their alleged compliance with the MUCA.  They submit such evidence is indispensable to rebut the United States' allegation that they both conspired to distribute marijuana and did, in fact, distribute marijuana.  According to the defendants, MUCA-compliance evidence will show they intended to use all of the marijuana they manufactured for the sole purpose of addressing their medical needs.  Finally, Larry Harvey argues the Court erred by denying his motion to suppress evidence concerning firearms that law enforcement officers allegedly discovered in his residence.

B. Ruling

*1. No basis for reconsidering motion to suppress*

On August 9, 2012, law enforcement officers searched Larry Harvey's and Rhonda Firestack-Harvey's residence pursuant to a search warrant.  The warrant did not authorize the officers to seize firearms.  Nevertheless, when the officers observed firearms during the course of the search, the officers seized them.  Larry Harvey

Order - 5

moved to suppress.  The Court denied the motion because the firearms properly were seized in accordance with the "plain view" doctrine. *See Horton v. California*, 496 U.S. 128, 136-37, 110 S.Ct. 2301, 2308, 110 L.Ed.2d 112 (1990).  One of the key components of the ruling was the Court's determination the incriminating character of the firearms was immediately apparent to the officers.  In Mr. Harvey's opinion, this determination was erroneous.  He maintains the Court attached too much weight to the officers' training and experience.  *Cf. United States v. Rios*, 449 F.3d 1009, 1015 (9th Cir.2006) ("expert testimony that drug traffickers generally use firearms to further their drug crimes, standing alone, is not sufficient to establish that a firearm was possessed in furtherance of a particular drug crime").  He is mistaken.  The Court did not rely exclusively upon the officers' training and experience.  To the contrary, the Court considered the record as a whole, including the location of the firearms in relation to evidence of drug-trafficking.

    *2. No basis for reconsidering exclusion of MUCA-related evidence*

    One of the most fiercely disputed issues in this case has been, and remains, whether evidence of the defendants' alleged compliance with the MUCA is relevant for any purpose.  In a series of orders issued earlier in this case, the Court rejected a number of the defendants' arguments and ruled MUCA-related evidence will not be admitted.  As the Court explained in those orders, citing a long line of binding cases, the defendants' good-faith mistake of law is irrelevant, the medical benefits of marijuana are irrelevant, and the

Order - 6

defendants have not established a basis for asserting the defense of entrapment by estoppel. The defendants have not attempted to demonstrate any of the Court's specific rulings is contrary to the law of this circuit. Instead, they have asserted a variation on earlier arguments. They deny they intended to sell marijuana to persons outside their group. They insist they intended to consume all of the marijuana they manufactured. They argue evidence they were complying with the requirements of MUCA would tend to support their personal-use defense. In their opinion, the Court could fashion a limiting instruction that would allow them to present a personal-use defense to the jury without undermining the Court's prior rulings. The defendants' suggestion ignores questions the Court posed earlier in this case. MUCA-compliance could be relevant only if they actually were complying with MUCA's requirements. They say they were. The United States says they weren't. Who is to decide? Would the Court have to conduct a trial within a trial. The Court posed those questions earlier in this case. The defendants have not addressed them, much less suggested satisfactory answers.

*3. Single agreement versus multiple agreements*

Ms. Gregg is entitled to challenge the United States' allegation of a single overarching conspiracy, and she is not without important evidence. For example, she may note the impossibility of growing marijuana out of doors year around in northeastern Washington. Based upon that circumstance, she is free to argue that persons who are collectively engaged in growing marijuana out of doors must enter into

Order - 7

a new agreement each year.  Thus, even without MUCA-compliance evidence, Ms. Gregg has the ability to attack the United States' theory of the case.[1]

Ms. Gregg seeks to bolster her attack by offering evidence she was complying with MUCA.  In her opinion, evidence of the annual-renewal requirement would tend to support her theory that there were, at most, two separate agreements to grow marijuana; one agreement in 2011 and another one in 2012.  Mrs. Gregg's argument is not without merit.  MUCA-compliance evidence may have some relevance.  However, not all relevant evidence is admissible at trial.  Even when evidence is arguably relevant, it should be excluded if its probative value "is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, [or] misleading the jury . . . ."  Fed.R.Evid. 403.  As explained in earlier orders, and earlier in this order, the probative value of MUCA-compliance evidence is speculative at best.  By contrast, its potential to confuse and distract jurors is evident.  Consequently, even assuming MUCA-compliance evidence has some

---

[1] The Court is not ruling Ms. Gregg is entitled to a multiple conspiracies instruction; that remains to be seen. *Cf. United States v. Fernandez*, 388 F.3d 1199, 1247 (9th Cir.2004) (evidence is sufficient to support a multiple conspiracies instruction where "'a jury could reasonably conclude that some of the defendants were only involved in separate conspiracies *unrelated to the overall conspiracy* charged in the indictment.'" (emphasis added in *Fernandez*) (quoting *United States v. Anguiano*, 873 F.2d 1314, 1317 (9th Cir.1989))).

Order - 8

relevance, its probative value is substantially outweighed by the risk it will distort the jury's decision-making process. As a result, MUCA-compliance evidence will be excluded from Ms. Gregg's trial pursuant to Rule 403. While the defendants disagree with this ruling, they have failed to demonstrate it is erroneous. Reconsideration is unwarranted.

**IT IS HEREBY ORDERED**:

1. Michelle Gregg's motion to dismiss (**ECF No. 383**) is **denied**.

2. Michelle Gregg's motion for reconsideration **ECF No. 384**) is **denied**.

3. The oral motions for reconsideration that were made on June 23, 2014, are denied.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this __24th__ day of June, 2014.

                                      s/ Fred Van Sickle  
                                      Fred Van Sickle  
                         Senior United States District Judge