# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROLLAND M. GREGG, *et al.*,<br><br>Defendants. | NO: 13-CR-0024-TOR<br><br>ORDER DENYING DEFENDANTS' MOTION FOR ACQUITTAL AND NEW TRIAL |

BEFORE THE COURT is Defendants' Motion for Judgment of Acquittal and for New Trial (ECF No. 644).[1] This matter was submitted for consideration without argument. The Court has reviewed the record and files herein, and is fully informed.

//

---

[1] The Court considers this motion filed by Rolland M. Gregg, individually, as a motion filed by all other Defendants according to the Court's Order at ECF No. 180 at 2.

ORDER DENYING MOTION FOR ACQUITTAL AND NEW TRIAL ~ 1

# BACKGROUND

On March 3, 2015, after a four-day trial, a jury found each Defendant guilty of manufacture of marijuana in an amount less than 100 but more than 50 marijuana plants in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. ECF Nos. 625 at 2-3, 627 at 2-3, 629 at 2-3. The jury acquitted Defendants on all other counts within the Superseding Indictment. *See* ECF Nos. 625, 627, 629. On March 17, 2015, Defendants moved for a judgment of acquittal and a new trial. ECF No. 644.

# DISCUSSION

**A. Motion for Judgment of Acquittal Under Rule 29**

Federal Rule of Criminal Procedure 29 allows a criminal defendant to move for a judgment of acquittal following a jury verdict. Fed. R. Crim. P. 29(c). The Court may not grant a Rule 29 motion if, "viewing the evidence in the light most favorable to the prosecution, 'any rational trier of fact could have found the essential elements of the offenses charged beyond a reasonable doubt.'" *United States v. Rosales*, 516 F.3d 749, 751-52 (9th Cir. 2008) (quoting *United States v. Hinton*, 222 F.3d 664, 669 (9th Cir. 2000)). The Court must presume the jury resolved any conflicting inferences in the government's favor. *Id.* at 752.

Here, the Court provided the following jury instruction as to Count 2 of the Superseding Indictment, manufacture of marijuana: "In order for each Defendant

to be found guilty of [manufacture of marijuana], the Government must prove each of the following elements beyond a reasonable doubt: First, the Defendant knowingly manufactured marijuana; and Second, the Defendant knew that it was marijuana." ECF No. 621 at 25 (Final Instruction No. 22).  The Court also instructed the jury that a Defendant may be convicted of manufacture of marijuana if he or she aided and abetted another in committing this offense.  *Id.* at 26 (Final Instruction No. 23).  Finally, this Court instructed the jury that if a Defendant is found guilty of the charge, it was to unanimously find beyond a reasonable doubt the amount of marijuana manufactured.  *Id.* at 27 (Final Instruction No. 24).

Over the course of the trial, the government presented the following evidence, as offered through witness testimony and graphic evidence, in support of Count 2 of the Superseding Indictment: (1) law enforcement officials, pursuant to a valid search warrant, located the marijuana grow near the Firestack-Harvey residence; (2) waterlines, storage tanks, and pumps were located near the grow and a power line ran from the shed on the property to the grow; (3) officials found 74 marijuana plants growing in the area; (4) the outbuilding on the property was equipped with drying racks, labeled by marijuana type; (5) officials found a large container of processed marijuana, some of which was vacuum sealed and labeled, in the den of the residence, as well as a vacuum sealer, plastic bags for the vacuum sealer, and a digital scale; (6) the den also contained paperwork evidencing

ORDER DENYING MOTION FOR ACQUITTAL AND NEW TRIAL ~ 3

growing and harvesting of marijuana and possible drug records during 2011 and 2012; (7) as testified to by Jason Zucker at trial, each of the Defendants assisted in the marijuana grow in both 2011 and 2012, and he had purchased the items used to establish the operation, including providing 75 plants in both years; and (8) finally, the officers found computer files, obtained from a computer at the Firestack-Harvey residence, depicting images dated 2011 of the Defendants at the grow operation, a large quantity of marijuana being dried, and electronic copies of the purported drug records found in the den.

Viewing all evidence together in the light most favorable to the prosecution, the Court concludes that the evidence was sufficient to find, beyond a reasonable doubt, Defendants guilty of the manufacture of at least 50 but not more than 100 marijuana plants, a crime under federal law. *See Rosales*, 516 F.3d at 751-52. Defendants have never denied that law enforcement officers found approximately 75 growing marijuana plants during the August 2012 search of the Firestack-Harvey residence; rather, they have maintained these plants were lawfully grown for their medical needs under Washington state law. *See* ECF No. 644 at 2. Accordingly, a judgment of acquittal is not warranted here.

///

///

///

ORDER DENYING MOTION FOR ACQUITTAL AND NEW TRIAL ~ 4

### B. Motion for New Trial Under Rule 33

Federal Rule of Criminal Procedure 33(a) allows a court to "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). "A district court's power to grant a motion for a new trial is much broader than its power to grant a motion for judgment of acquittal." *United States v. A. Lanoy Alston, D.M.D., P.C.*, 974 F.2d 1206, 1211 (9th Cir. 1992). "The district court need not view the evidence in the light most favorable to the verdict; it may weigh the evidence and in so doing evaluate for itself the credibility of the witnesses." *Id.* (citation omitted).

As the Court's review of the evidence above indicates, the evidence, viewed in a light most favorable to the prosecution, did not weigh heavily against a finding of guilt. Further, pursuant to this Court's power to weigh the evidence presented, this Court finds that the Government's witnesses testified credibly and that the corroborating evidence strongly supported a guilty verdict as to Count 2 of the Superseding Indictment. Thus, this Court concludes no serious miscarriage of justice will occur based upon the weight of the evidence.

This Court now turns to the following four contentions raised by Defendants in the instant motion to determine if a new trial is nonetheless warranted: (1) the duplicity flaw in Count 2 Superseding Indictment, (2) the prosecution's constructive amendment of Count 2 of the Superseding Indictment at trial, (3) the

exclusion of medical evidence that would have aided the defense, and (4) the unconstitutional prosecution and scheduling of marijuana under the Controlled Substances Act ("CSA") despite marijuana's purported medical benefits. ECF No. 644 at 4-10. The Court considers each contention in turn.

### 1. Duplicity

"An indictment is duplicitous when it joins two or more distinct and separate offenses into a single count." *United States v. Mancuso*, 718 F.3d 780, 792 (9th Cir. 2013). "One vice of duplicity is that a jury may find a defendant guilty on a count without having reached a unanimous verdict on the commission of a particular offense." *United States v. Garcia*, 400 F.3d 816, 819 (9th Cir. 2005) (quoting *United States v. Ramirez-Martinez*, 273 F.3d 903, 913 (9th Cir. 2001)). When reviewing an indictment for duplicity, the court "is not to review the evidence presented at trial to determine whether it would support charging several crimes rather than one, but rather solely to assess whether the indictment itself can be read to charge only one violation in each count." *Mancuso*, 718 F.3d at 792 (citation omitted). However, "[t]he continuous nature of an offense prevents the indictment from being duplicitous." *Id.* (citation omitted). "A continuous offense is a continuous, unlawful act or series of acts set on foot by a single impulse." *Id.* (citation omitted).

ORDER DENYING MOTION FOR ACQUITTAL AND NEW TRIAL ~ 6

Defendants assert that the Government impermissibly combined two separate acts into Count 2 of the Superseding Indictment: alleged manufacture of marijuana in 2011 and alleged manufacture of marijuana in 2012. ECF No. 644 at 5-8. Because the Government's manufacture charge was based on the belief that Defendants grew the same number of plants in 2012, approximately 75 marijuana plants, as in 2011, Defendants assert that the Government combined these two grows to indict a single charge of manufacture of more than 100 marijuana plants. *Id.* at 5. The Government maintains, as it has throughout the proceedings before this Court, that Defendants were involved in a continuous course of illegal conduct starting in 2011; thus, Count 2 contains only one offense. ECF No. 650 at 4-5.

This Court's duplicity review is limited to the Superseding Indictment itself and whether it reads to charge only one violation in each count. *Mancuso*, 718 F.3d at 792. Here, Count 2 of the Superseding Indictment, the only count at issue here, charged the following: "Beginning on a date unknown, but by on or about June 1, 2011, until on or about August 16, 2012, in the Eastern District of Washington, the Defendants . . . knowingly and intentionally Manufactured 100 or more Marijuana plants, a Schedule 1 controlled substance, in violation of 21 U.S.C. § 841(a)(1), and 18 U.S.C. § 2." ECF No. 322 at 2.

Defendants cite to *United States v. Mancuso* for the purportedly analogous proposition that separate acts of distribution cannot be combined into a single

count.  ECF No. 644 at 8; *Mancuso*, 718 F.3d at 793 ("[S]eparate acts of distribution of controlled substances are distinct offenses under 21 U.S.C. §841(a), as opposed to a continuing crime, and therefore must be charged in separate counts.").  In particular, the Ninth Circuit held the defendant's "various acts of distribution to random friends and acquaintances, unassociated with each other in any venture or pursuit, over the course of several years and in various locations [was] not sufficiently related to justify charging him with one count alleging a continuing distribution offense, as opposed to with distinct counts for each act of distribution."  *Mancuso*, 718 F.3d at 793-94.

Unlike *Mancuso*, which interpreted the discrete act of distribution,[2] here the Government alleged one continuing crime of manufacturing spanning a period of

---

[2] As defined under the CSA, the term "distribute" means "to deliver," which in turn is defined as the "actual, constructive, or attempted transfer of a controlled substance."  21 U.S.C. § 802(8), (11).  As reasoned by the Second Circuit and confirmed by the Ninth, distribution, under the plain language on the statute, is not a continuing crime; rather, each transfer is a distinct offense. *Mancuso*, 718 F.3d at 793 (quoting *United States v. Lartey*, 716 F.2d 955, 967 (2d Cir. 1983)).  The term "manufacture," on the other hand, means the "production, preparation, propagation, compounding, or processing of a drug or other substance . . . and

two years, with ongoing participation by the same individuals, using the same infrastructure and equipment, in the same location.  While the actual planting, growing, and harvesting may have been interrupted during non-growing months, the Government charged Defendants with engaging in a continuous course of illegal conduct, starting in 2011 and continuing into 2012; thus, in light of the continuous nature of the offense charged, the indictment is not duplicitous.  *Id.* at 792.

Moreover, duplicity in an indictment would constitute reversible error only if defendants were misled to their prejudice.  *See United States v. Aguilar*, 756 F.3d 1418, 1422 (9th Cir. 1985).  This, Defendants have not shown.

**2.  Constructive Amendment**

"[C]onstructive amendment occurs when the defendant is charged with one crime but, in effect, is tried for another crime."  *Id.*; *see also United States v. Dipentino*, 242 F.3d 1090, 1094 (9th Cir. 2001) ("A constructive amendment

---

includes any packaging," with the discrete act of "production"—which includes "planting, cultivating, growing, or harvesting"—as only one component of the definition.  21 U.S.C. § 802(15), (22).  Thus, manufacture may be comprised of a continuous series of events.

'involves a change, whether literal or in effect, in the terms of the indictment.'" quoting *Jones v. Smith*, 231 F.3d 1227, 1232 (9th Cir. 2000)). The Ninth Circuit has found constructive amendment of an indictment where "(1) there is a complex of facts presented at trial distinctly different from those set forth in the charging instrument, or (2) the crime charged in the indictment was substantially altered at trial, so that it was impossible to know whether the grand jury would have indicted for the crime actually proved." *Id.* (quoting *Adamson*, 291 F.3d at 615).

Here, Defendants assert that although the Superseding Indictment alleges a continuing violation in Count 2, the prosecution abandoned this theory and only presented evidence of two separate growing seasons. ECF No. 644 at 8-9. This Court disagrees. The Government maintained their continuing violation theory at trial, presenting evidence in support of their allegation that Defendants' grow operation spanned a period of two years: as demonstrated by witness testimony and photographic evidence, the location and participants were the same and the infrastructure and equipment, installed in 2011, remained in place and were allegedly used both years. The evidence showed not only "planting, cultivating, growing, and harvesting" of marijuana, it also showed a drying shed and evidence of packaging and labeling at the same location by the same participants during the same time frame. As the Superseding Indictment similarly charged one continuing

ORDER DENYING MOTION FOR ACQUITTAL AND NEW TRIAL ~ 10

manufacturing violation, the Government did not constructively amend the Superseding Indictment at trial.

### 3. Exclusion of Medical Marijuana Evidence

Defendants, once again, assert that this Court should have permitted them to present evidence of their state medical marijuana authorizations. ECF No. 644 at 9; *see also* ECF Nos. 217, 310-311, 319, 320, 384. In response, the Government resubmits previous argument. ECF No. 650 at 3; *see also* ECF Nos. 241, 241-1, 395, 565, 566.

As this Court has already ruled, "medical necessity is not a defense to manufacturing and distributing marijuana." *United States v. Oakland Cannabis Buyers' Coop.*, 532 U.S. 483, 494 (2001); *United States v. Halbert*, 472 Fed. App'x 461, 463 (9th Cir. 2012) ("The district court was correct in excluding evidence of [defendant's] proposed medical marijuana defense."); *United States v. Schafer*, 625 F.3d 629, 638 (9th Cir. 2010). Because such a defense is unavailable under federal law, *see Schafer*, 625 F.3d at 637 ("A district court may preclude a defense if the defendant fails to make a prima facie showing that he is eligible for the defense"), any evidence to support such a defense was properly excluded. Defendants' frustration with this ruling is best addressed to Congress.

//

//

ORDER DENYING MOTION FOR ACQUITTAL AND NEW TRIAL ~ 11

**4. Unconstitutional Prosecution and Scheduling**

Defendants also reassert argument that their constitutional rights have been violated by being charged with manufacturing a substance for their medical needs, ECF No. 644 at 10; *see also* ECF Nos. 205, 207, 209-212, 216, 222, 227, 257, and that marijuana is unconstitutionally categorized as a Schedule I substance despite its medicinal use, ECF No. 644 at 10; *see also* ECF No. 380. As this Court previously found, Defendants constitutional challenges are foreclosed by prior Ninth Circuit precedent. *See* ECF No. 283 (citing *Sacramento Nonprofit Collective v. Holder*, 552 Fed. App'x 680, 683 (9th Cir. 2014)).[3] Further, regarding the argument as to the alleged improper scheduling of marijuana in light of recent recognition of its health benefits, this is not a determination for this Court. ECF No. 409. As the CSA currently reads, marijuana does not have any federally recognized health benefits, *see Gonzales*, 545 U.S. at 14-15, and it is not

---

[3] Judge Mueller of the Eastern District of California recently rejected the argument that marijuana is unconstitutionally scheduled, reasoning that the CSA's prohibition of marijuana for all purposes passes constitutional muster under the rational basis standard of review. *United States v. Schweder*, No. 2:11-CR-0449-KJM (ECF No. 391) (written order forthcoming). Judge Mueller also rejected the defendants' equal protection arguments. *See id.*

ORDER DENYING MOTION FOR ACQUITTAL AND NEW TRIAL ~ 12

for this Court to say otherwise.  Further, as this Court previously found, Congress' recent Appropriations Rider, although acknowledging state sanctioned medical marijuana use, did not repeal any portion of the CSA.  ECF No. 579.

Accordingly, for the foregoing reasons, Defendants' Motion for Judgment of Acquittal and for New Trial (ECF No. 644) is **DENIED**.

**IT IS HEREBY ORDERED:**

Defendants' Motion for Judgment of Acquittal and for New Trial (ECF No. 644) is **DENIED**.

The District Court Executive is directed to enter this Order and provide copies to counsel.

**DATED** April 17, 2015.



THOMAS O. RICE
United States District Judge

ORDER DENYING MOTION FOR ACQUITTAL AND NEW TRIAL ~ 13