UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>RHONDA LEE FIRESTACK-HARVEY, MICHELLE LYNN GREGG, and ROLLAND MARK GREG,<br><br>　　　　　Defendants. | NO: 13-CR-0024-TOR-1<br>　　　 13-CR-0024-TOR-3<br>　　　 13-CR-0024-TOR-4<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS, TO ENJOIN, OR FOR STAYING OF SENTENCING |

BEFORE THE COURT are Defendants' Motion to Dismiss, to Enjoin, or for Stay of Sentencing (ECF No. 671)[1] and Motion to Expedite (ECF No. 672). These matters were submitted for consideration without oral argument. The Court has reviewed the record and the files therein, and is fully informed.

---

[1] The Court considers this motion filed by Rolland M. Gregg, individually, as a motion filed by the two other Defendants listed above, according to the Court's Order at ECF No. 180 at 2.

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION ~ 1

## BACKGROUND

In August 2012, state and federal law enforcement officials executed a state search warrant at the Firestack-Harvey property, asserting probable cause that marijuana with no medicinal purpose was being grown illegally. At the time of the search, Ms. Firestack-Harvey presented five authorizations to grow medical marijuana. During the search, officers discovered harvested marijuana, 74 marijuana plants,[2] a scale, packaging material, firearms, and records evidencing drug transactions.

On May 6, 2014, a Grand Jury issued a Superseding Indictment, charging Defendants with the following: Conspiracy to Manufacture and Distribute 100 or More Marijuana Plants, Manufacture of 100 or More Marijuana Plants, Distribution of Marijuana, Possession of a Firearm in Furtherance of a Drug Trafficking Crime. ECF No. 322. Additionally, Defendant Rhonda Firestack-Harvey was charged with Maintaining Drug-Involved Premise. *Id.*

---

[2] Based on the root structure, Defendants contend the officers seized only 68 plants; however, for purposes of counting marijuana plants, the focus is on the stalk. *United States v. Robinson*, 35 F.3d 442, 447-48 (9th Cir. 1994) ("Each stalk protruding from the ground and supported by its own root system should be considered one plant, no matter how close to other plants it is and no matter how intertwined are their root systems.").

ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION ~ 2

On March 3, 2015, after a four-day trial, a jury found each Defendant guilty of manufacturing marijuana in an amount less than 100 but more than 50 marijuana plants in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. ECF Nos. 625 at 2-3; 627 at 2-3; 629 at 2-3. The jury acquitted Defendants on all other counts within the Superseding Indictment. *See* ECF Nos. 625, 627, 629. Sentencing for this matter is currently set for June 10, 2015, at 10:00 a.m. for all three Defendants.

In the instant motion, Defendants seek to dismiss this matter and/or enjoin continued prosecution. ECF No. 671. Defendants, once again, assert argument pursuant to Congress' enactment of the Consolidated and Further Continuing Appropriations Act, 2015, Pub. L. No. 113-235, § 538, 128 Stat. 2130 (2014) ("None of the funds made available in this Act to the Department of Justice may be used . . . to prevent [the State of Washington] from implementing [its] own State laws that authorize the use, distribution, possession, or cultivation of medical marijuana."). In the alternative, Defendants request a continuance of sentencing until both parties have received and reviewed the complete trial transcript and had adequate time to prepare for sentencing. ECF No. 671 at 15. The Government does not oppose a reasonable continuance of the sentencing until after the trial transcript has been prepared and reviewed by the parties. ECF No. 694 at 2.

///

///

# DISCUSSION

## A. Motion to Dismiss and/or Enjoin Continued Prosecution

As this Court previously found, the appropriations rider "prevents the Department of Justice from using its 2015 fiscal year funds in a manner that interferes with certain conduct *sanctioned* by state medical marijuana laws." ECF No. 579 at 6. Nothing in the rider's limited language further modified or limited federal prosecutorial authority under the Controlled Substance Act. *Id.* As applied to Defendants' case, the Court found that the rider did not shield Defendants from federal prosecution in light of evidence proffered by the United States demonstrating that Defendants were operating a for-profit marijuana business— conducted outside the parameters of Washington's medical marijuana laws. *Id.* at 7 ("Because such conduct is not authorized or sanctioned by Washington's medical marijuana laws, even considering available affirmative defenses, the United States is not prevented from using funds to prosecute this conduct under the recent appropriations rider.").

Defendants contend this ruling is no longer the law of the case because of the jury's "unqualified exoneration on the distribution count" in the Superseding Indictment. ECF No. 671 at 4. As such, Defendants contend their instant Motion to Dismiss is "radically different" from previous motions and concerns a "very different factual presentation." *Id.* This Court disagrees.

In *United States v. Watts*, the Supreme Court held that "a jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence." 519 U.S. 148, 157 (1997). As explained by the *Watts* Court, an "acquittal on criminal charges does not prove that the defendant is innocent; it merely proves the existence of a reasonable doubt as to his guilt." *Id.* at 155 (quoting *United States v. One Assortment of 89 Firearms*, 465 U.S. 354, 361 (1984)).[3] And, contrary to Defendants' contention here, an acquittal similarly does not indicate that a jury "necessarily rejected" any facts supporting such acquitted conduct. *Id.* Moreover, for purposes of sentencing, "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3661. This includes restrictions imposed by the Rules of Evidence. Fed. R. Evid. 1101(d)(3) ("[The Rules of Evidence] do not apply to . . . sentencing.").

---

[3] Despite Defendants' contentions, ECF No. 693 at 13-17, *Watts* is still binding on this Court. *See United States v. Mercado*, 474 F.3d 654, 656 (9th Cir. 2007) (holding that *United States v. Booker*, 543 U.S. 220 (2005), "did not strike *Watts* from the jurisprudential books").

Here, this Court finds the appropriations rider does not prevent continued prosecution of this case in the sentencing phase. Although the jury acquitted Defendants on four of five counts within the Superseding Indictment—that is, the jury did not find each Defendant guilty beyond a reasonable doubt on four of the five charges—the facts underlying this acquitted conduct may still be relevant for the sentencing hearing during which the Government may attempt to prove relevant conduct by a preponderance of the evidence. *See Watts*, 519 U.S. at 156 ("[A]n acquittal in a criminal case does not preclude the Government from relitigating an issue when it is presented in a subsequent action governed by a lower standard of proof." (internal question marks and citation omitted)). Accordingly, because the prosecution may present evidence at the sentencing hearing concerning facts underlying the acquitted conduct, this Court finds that the appropriations rider does not prevent the Government's continued prosecution of this case. Defendants' Motion to Dismiss and/or Enjoin (ECF No. 671) is **DENIED**.

### B. Motion to Stay Sentencing

In general, a court must impose sentencing "without unnecessary delay." Fed. R. Crim. P. 32(b)(1).  However, a court may, for "good cause," change any time limits prescribed by the Federal Rules of Criminal Procedure.  *Id.* at 32(b)(2).

Here, Defendants seek, at a minimum, a stay of sentencing until both parties have received and reviewed the complete trial transcript and had adequate time to prepare for sentencing. ECF No. 671 at 15. In its response, the Government agrees that a continuance of the sentencing hearing to allow time for preparation and review of the trial transcript is appropriate. ECF No. 694. In order to give the parties adequate time to prepare for the evidentiary nature of the sentencing hearing, the Court finds good cause to grant a stay of the proceedings.

**ACCORDINGLY, IT IS ORDERED:**

1. Defendants' Motion to Dismiss, to Enjoin, or for Stay of Sentencing (ECF No. 671) is **GRANTED in part and DENIED in part**.

2. Defendants' Motion to Expedite is **GRANTED**.

3. The sentencing hearings set for June 10, 2015, are vacated and continued to **October 2, 2015, at 9:00 a.m.** Absent truly exigent circumstances, the Court will not consider another request for a continuance of sentencing unless: (1) the request is made by written motion, (2) in accordance with Local Rule 7.1, and (3) the motion and supporting declaration are filed at least seven (7) days before the scheduled sentencing hearing.

4. The Defendants shall remain released pursuant to the conditions of release previously imposed in this matter. ECF Nos. 99, 78, and 76. **If a sentence**

**of incarceration is imposed, the Defendant shall be taken into custody at the time of sentencing.**

    5.   The United States Probation Office has prepared and disclosed Presentence Investigation Reports as to each Defendant pursuant Fed. R. Crim. P. 32.

    6.   Not later than **August 31, 2015**, counsel shall communicate in writing to the probation office (and opposing counsel) any objections they may have as to legal and factual errors or omissions; sentencing classifications; sentencing guideline ranges; and policy statements contained in or omitted from the report.  If an objection is filed, the probation officer shall conduct such additional investigation as is necessary to assess the merits of the objection.

    7.   The probation officer shall submit the final Presentence Report to the Court by **September 18, 2015**.  The report shall be accompanied by an addendum setting forth any objections counsel may have made, including those that have not been resolved, together with the officer's comments and recommendations thereon.

    8.   Not later than **September 18, 2015,** counsel shall file and serve all motions and memoranda pertaining to Defendant's sentence, including departures and variances, and sentencing recommendations.   FAILURE TO FILE AND SERVE A MOTION OR MEMORANDUM FOR UPWARD OR DOWNWARD

DEPARTURE AND VARIANCES BY THIS DATE WILL BE DEEMED A WAIVER OF THE RIGHT TO DO SO.

9. Not later than **September 18, 2015,** counsel shall file and serve a list of witnesses (and exhibits) to be called at the sentencing hearing and an estimated length of time needed for their testimony. Prior sworn trial testimony need not be repeated, but rather, shall be cited in any sentencing memorandums filed with the Court.

10. Not later than **September 25, 2015**, the opposing party shall file and serve its response limited to no more than seven (7) pages.

11. If Defendants intend to qualify for the safety valve, the parties must schedule a meeting and conduct a safety valve interview **no later than August 3, 2015,** in order for the Defendants to meet the requirements of U.S.S.G. § 5C1.2(a)(5).

The District Court Executive is directed to enter this order and provide copies to counsel.

**DATED** June 5, 2015.



THOMAS O. RICE
United States District Judge